**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GERALDINE JONES-SAILOR,
       Appellant,

      v.

DEPARTMENT OF JUSTICE,
       Agency.

DOCKET NUMBER
AT-0752-17-0280-I-1

DATE: May 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerry Girly, Esquire, Orlando, Florida, for the appellant.

Kathleen Harne, Esquire, Washington, D.C., for the agency.

Lee R. Jones, Kansas City, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. On petition for review, the appellant challenges the administrative judge's jurisdictional finding, arguing that she made erroneous findings of fact and improperly interpreted statutes. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding the appellant's claims that her retirement was coerced by the agency's unjustified failure to accommodate her disability and by sexual harassment, we AFFIRM the initial decision.

¶2        The appellant was employed as a GS-11 Correctional Treatment Specialist (Case Manager) at a Bureau of Prisons correctional facility where she had been employed since 1985. Hearing Transcript (HT) at 7 (testimony of the appellant). Her position was designated as a law enforcement position. Initial Appeal File (IAF), Tab 12, Appellant's Exhibit C. Case Managers were generally assigned to units on the same floor as the inmates whose cases they managed. However, the appellant was assigned to a unit on the first floor, even though the inmates whose cases she managed were housed on the second floor, and they were required to be brought to her when she needed to see them. This arrangement was based on an informal accommodation due to the appellant's claimed difficulty in navigating stairs as a result of an injury she suffered to her neck, shoulder, and back. IAF, Tab 6 at 36-37 (Final Agency Decision (FAD)).

¶3        When a new supervisor arrived in August 2014, he informed the appellant that her informal accommodation had expired and that she would have to move her office to the second floor or provide updated medical documentation.  IAF, Tab 19 at 75-76; Tab 17 at 18.  In response, the appellant submitted a Department of Justice (DOJ) Form 100A, Request for Reasonable Accommodation, asking to work in a lower level building "to avoid health damage to [her] physical body and mental well- being" and stating that she was unable to climb stairs and lift over 10 pounds.  IAF, Tab 12, Appellant's Exhibit I.  In support of her request, she submitted a September 15, 2014 form from a treating physician, stating that the appellant had suffered an injury to her shoulder, neck, and back and seeking the same accommodations.  *Id.*, Appellant's Exhibit H.  The appellant's supervisor responded by requesting additional specific information from the appellant's physician.  *Id.*, Appellant's Exhibit J.  The appellant then submitted another DOJ Form 100A requesting the same accommodations, *id.*, Appellant's Exhibit K, accompanied by a November 4, 2014 supporting letter from her physician, asking for the same accommodations for 12 weeks and indicating that the appellant would be reassessed at the end of that period, *id.*, Appellant's Exhibit L.  On November 19, 2014, the appellant's supervisor officially denied her reasonable accommodation request as not supported by documentation, medical or otherwise, and also stated that her requested accommodation would be ineffective, cause the agency undue hardship, and remove essential functions from her law enforcement position.  *Id.*, Appellant's Exhibit M.

¶4        On December 8, 2014, the appellant filed an equal employment opportunity (EEO) complaint based on sex, age, disability (physical/mental), and reprisal in which she challenged a number of agency actions.[2]  IAF, Tab 6 at 34-35 (FAD). She later amended her complaint to include the matter that is the subject of this appeal.  On January 21, 2015, the agency directed the appellant to report for a

---

[2] The appellant did not return to work beginning in late September 2014 and continuing until the action here under review and was carried as absent without leave during this time.  IAF, Tab 7 at 33-51; Tab 19 at 19.

fitness-for-duty examination to determine if she was medically able to perform the duties of her position. IAF, Tab 19 at 59. She reported for the examination but left before it was conducted. HT at 53 (testimony of the appellant). On May 13, 2015, the appellant submitted paperwork to retire, providing, as the reason, that "[management] continues to retaliate and discriminate against me." IAF, Tab 6 at 222. The action was effective on May 29, 2015. IAF, Tab 7 at 7. The agency issued its FAD on the appellant's EEO complaint on January 23, 2017, finding that she had not established any of her claims. IAF, Tab 6 at 35-62. On appeal from that decision, the appellant challenged her retirement as involuntary, IAF, Tab 1 at 2, and requested a hearing, *id.* at 1.

¶5      The administrative judge issued an Order on Jurisdiction and Proof Requirements regarding appeals of alleged involuntary actions, IAF, Tab 3, to which the appellant responded, IAF, Tab 8. On review of the parties' submissions, the administrative judge determined that the appellant was entitled to a jurisdictional hearing which was duly scheduled and convened. IAF, Tab 9 at 1. Thereafter, the administrative judge issued an initial decision in which she dismissed the appeal for lack of jurisdiction. IAF, Tab 30, Initial Decision (ID) at 1, 11. The administrative judge considered the incidents upon which the appellant relied in support of her claim, but found that a reasonable person in the appellant's position would not have felt compelled to retire under the circumstances. ID at 611. The appellant has filed a petition for review, to which the agency has not responded.[3] Petition for Review (PFR) File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      Generally, an appellant may overcome the presumption that a retirement is voluntary by showing that it resulted from misinformation or deception by the

---

[3] With her petition for review, the appellant has submitted a copy of the hearing transcript, Petition for Review File, Tab 3, not certified by the court reporter, *id.* at 411. We have not considered it, but rather have considered the certified copy provided to the Board by the court reporter as it constitutes the official hearing record. 5 C.F.R. § 1201.53(b).

agency or was the product of coercion by the agency. *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir 2000). The touchstone of the "voluntariness" is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004); *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995). Therefore, in order to establish involuntariness on the basis of coercion, an appellant must show that the agency effectively imposed the terms of the retirement, that she had no realistic alternative but to retire, and that the retirement was the result of improper acts by the agency. The Board will find a retirement involuntary when the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). This mode of analysis remains appropriate when the appellant's appeal is from an agency's FAD based on the employee's underlying complaint in which she claims that her retirement was involuntary based on discrimination. *See, e.g.*, *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶¶ 10-11 (2007). When allegations of discrimination and reprisal for prior EEO activity are made in connection with a claim of involuntariness, such allegations may only be addressed insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). Thus, evidence of discrimination or reprisal goes to the ultimate question of coercion. *Id.*

¶7      The appellant first challenges the administrative judge's finding that, because the appellant's requested accommodation would eliminate the essential functions of her position, there was no reasonable accommodation available. ID at 8. The appellant asserts that she is physically able to perform her duties and that she did so successfully under the accommodation before her new supervisor

arrived. PFR File, Tab 1 at 9. However, the issue in this case is not whether the agency was required to grant the appellant's requested accommodation, but rather the extent to which the agency's failure to continue her informal accommodation was a factor in her decision to retire. *Pickens*, 88 M.S.P.R. 525, ¶ 6. Chapter 75 jurisdiction may be established over a disability retirement if the agency unjustifiably refused to offer the employee a reasonable accommodation that would have allowed her to continue working. PFR File, Tab 1 at 9-10; *see SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 15 (2011); *Nordhoff v. Department of the Navy*, 78 M.S.P.R. 88, 91 (1998), *aff'd*, 185 F.3d 886 (Fed. Cir. 1999) (Table). We disagree, however, that the analysis in this appeal should be restricted to that applicable in disability retirement situations because the appellant did not, in fact, retire on disability.[4] We therefore modify the initial decision to the extent the administrative judge applied the standard for disability retirements to the instant case. ID at 7. Nevertheless, we understand the appellant's broader point that the administrative judge failed to make a sufficient analysis of her claim that her retirement was coerced by the agency's unjustified failure to accommodate her disability.

¶8     We agree with the appellant that the administrative judge did not sufficiently analyze this claim. The administrative judge noted that, in support of her claim, the appellant testified that she is physically able to perform the duties of her position as a Case Manager but that her medical restrictions require she stay on the first floor, not climb stairs, and not lift or pull more than 10 pounds. ID at 7; HT (testimony of the appellant). The administrative judge noted that, in addition to the duties pertaining to appellant's position as a Case Manager, such as counseling inmates and implementing and monitoring their treatment plans, the

---

[4] We note that we use the term "restricted" because that is just what the *Nordhoff* line of cases does; it restricts chapter 75 jurisdiction over disability retirements to situations in which reasonable accommodation was available. *Okleson v. U.S. Postal Service*, 90 M.S.P.R. 415, ¶ 7 (2001). Thus, even if we were to apply this standard to the appellant's case, it would not inure to her benefit.

appellant was also required to perform law enforcement functions and respond to emergencies when needed. Citing to the appellant's position description, the administrative judge found that the appellant's medical limitations required more than a modification of her working conditions. ID at 8. The administrative judge concluded that, if the appellant could not perform her law enforcement duties, there was no reasonable accommodation available because she could not perform the essential functions of her position. *Id.* However, as raised by the appellant on review, the administrative judge did not address the fact that the appellant had been performing her Case Manager duties successfully for some time with the informal accommodation, that she could climb stairs if necessary, and that she had responded to emergency alarms as necessary. PFR File, Tab 3 at 5-7, 9; HT at 82, 84, 112 (testimony of the appellant). We find the agency's explanation for denying the appellant a reasonable accommodation in denying her request to work on the first floor to be unpersuasive. Notwithstanding the agency's unpersuasive analysis in this regard, the agency's shortcomings in the reasonable accommodation process are simply a factor to be considered in assessing whether a resignation was involuntary. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 16, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). The Board examines the totality of the circumstances under an objective standard to determine voluntariness and does not rely on the employee's purely subjective evaluation. *Coufal*, 98 M.S.P.R. 31, ¶ 22. As further explained below, the appellant has not shown that this rendered her working conditions so intolerable that a reasonable person in her position would have felt compelled to resign. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 26 (2007) (finding that, although an agency official may have caused the appellant apprehension and exacerbated his medical ailments, the appellant failed to establish that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire).

¶9    The appellant also argues on review that she was placed in an absent without leave status because she was sent home for her own safety. PFR File, Tab 3 at 6-7. She alleges that she refused to take any form of personal leave because she had been able to perform the duties of her Case Manager position with an accommodation. While a resignation or retirement procured in violation of the regulations for granting leave may be coercive, the appellant did not assert that she was denied any request to use leave. *Cf. Landahl v. Department of Commerce*, 83 M.S.P.R. 40, ¶¶ 7-11 (1999) (finding a nonfrivolous allegation of involuntariness based on the appellant's claim that the agency coerced his resignation by violating the regulations for granting leave under the Family and Medical Leave Act of 1993). Moreover, to the extent that the appellant's claim might have formed the basis for a constructive suspension appeal, there is no indication that she filed any such appeal. *See Schultz v. U.S. Postal Service*, 78 M.S.P.R. 159, 163 (1998) (holding that, if a disabled employee who is absent from work requests to return with altered duties or working conditions, and if there was a reasonable accommodation available that the agency was bound by the Rehabilitation Act to offer but did not, the employee's absence becomes a constructive suspension).

¶10    Further, the appellant reiterates on review her allegations that she was subjected to sexual harassment by male inmates and that the agency took no steps to remedy the situation. PFR File, Tab 3 at 10-12. We modify the initial decision to further address the appellant's assertions. In support of these allegations, the appellant notes that the agency settled a class action suit about the rampant sexual harassment that occurred in that facility. *Id.* at 11. The administrative judge considered the appellant's testimony that inmates would make cat calls towards her, use offensive and crude language, and expose themselves. ID at 9 & n.8. However, the administrative judge found that a reasonable person in the appellant's position—a Case Manager with over 29 years of experience with the Federal Bureau of Prisons—would not have felt compelled to retire. ID at 10.

While the appellant has raised serious allegations of sexual harassment, we ultimately agree with the administrative judge's conclusion. In relevant part, the appellant has not alleged that the harassment she endured escalated to a level that potentially endangered her safety. *See Bates v. Department of Justice*, 70 M.S.P.R. 659, 671-72 (1996) (finding that the appellant was effectively coerced into resigning by the continuous and unredressed pattern of harassment, which had escalated to a level potentially endangering her safety). While the appellant may have been subjected to stressful working conditions, it is well-settled that an employee is not guaranteed a stress-free work environment and difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000).

¶11 Considering all of the evidence together, we find that the appellant's retirement was precipitated by several factors, some of which were the result of wrongful agency actions and some of which were not. Nevertheless, in the final analysis, we agree with the administrative judge that this case turns on the voluntariness element, i.e., whether the appellant had a meaningful choice in her retirement. *See Coufal*, 98 M.S.P.R. 31, ¶ 22. We further agree with the administrative judge that the appellant failed to establish this element.

¶12 Although the appellant's retirement was precipitated in part by the agency's wrongful actions in connection with her reasonable accommodation request, the combined circumstances were not of the nature and severity that would have made a reasonable person in the appellant's situation believe that she had no realistic alternative but to retire. While a reasonable person might have felt that retirement was her best option, she would not have felt that it was her only option. *See Lawson v. U.S. Postal Service*, 68 M.S.P.R. 345, 350 (1995) (finding that the fact that an employee is faced with an inherently unpleasant situation or that her choices are limited to unpleasant alternatives does not make her decision involuntary). Moreover, the most probative evidence of

involuntariness will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement. *Terban*, 216 F.3d at 1024. In the instant case, the appellant has not established any precipitating event that occurred relatively close in time to the retirement that would have given a reasonable employee no choice but to retire. *See id*. at 1025; *cf. Bates*, 70 M.S.P.R. at 671-72 (while the Board considered evidence of a 5-year period of harassment, that evidence only served to put into context the life-endangering incident that precipitated her retirement). The length of time between which the appellant filed her EEO complaint and then retired also undermines her claim that her retirement was involuntary due to intolerable working conditions. The appellant initially raised allegations of discrimination on December 8, 2014, when she filed her EEO complaint, but she did not file an application for retirement until May 13, 2015. IAF, Tab 6 at 34-35, 222. This 5-month lapse of time undercuts the appellant's assertion that her working conditions were so intolerable as to have compelled her retirement. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010).

¶13    We therefore find that the appellant's retirement was not involuntary and that she has not established jurisdiction over her retirement as a constructive removal under 5 U.S.C. chapter 75.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[5] Because the appellant raised a claim of disability discrimination in this constructive removal appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.